**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMON CHARLES WILLIAMS, | No.    19-35746 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00048-RSM |
| v. | |
| PRK FUNDING SERVICES, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted August 20, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff Damon Charles Williams appeals pro se from district court orders

granting motions to dismiss and motions for summary judgment in favor of

defendants.   Because the parties are familiar with the facts of the case we need not

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

recount them here.  We review de novo the district court's rulings on the motions to dismiss and motions for summary judgment.  *See Price v. State of Hawaii*, 939 F.2d 702, 706 (9th Cir. 1991).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err in finding that the sale of the property did not violate the automatic bankruptcy stay effected by the filing of Williams's personal bankruptcy petition.  State law determines what property interests are protected by the automatic stay created by the filing of a bankruptcy petition.  *See* 11 U.S.C. § 362(a); *Butner v. United States*, 440 U.S. 48, 54-55 (1979).  "Under Washington law, an LLC member has no ownership interest in specific LLC property and an LLC's assets . . . are not part of the [personal] estate."  *In re Disciplinary Proceeding Against McGrath*, 308 P.3d 615, 625-26 (Wa. 2013).  Because Williams transferred all his ownership interest in the property to Williams Family Holding, LLC in 2005, the property was not part of his personal estate and the stay effected by his personal bankruptcy filing did not protect the property.

2.     The district court also did not err in finding that Williams's state law claims are time barred.  Williams knew about the actions giving rise to his claims by at least 2010 and did not file suit until 2018.  The longest statute of limitations applicable to his claims is six years, and most are three years.  *See* RCW 4.16.080

2

(providing a three year statute of limitations for claims based on non-written contracts, trespass, negligence, tortious interference, general torts, and fraud); *id.* 4.16.040 (providing a six year statute of limitations for claims based on a contract in writing); *Hudson v. Condon*, 6 P.3d 615, 619 (Wa. Ct. App. 2000) (holding that a three year statute of limitations applies to breach of fiduciary duty claims sounding in tort). In addition, the delayed discovery rule does not apply to toll Williams's claims because he knew of his injury when he lost the property and was ordered evicted. *See Matter of Estates of Hibbard*, 826 P.2d 690, 696 (Wa. 1992) (discovery rule "limited to claims in which the plaintiffs could not have immediately known of their injuries" or "the cause of their injuries").

3. The district court did not err in granting summary judgment in favor of defendants Daniel Jensen, Ricci Frisk, and Donald Capp. There was no state action for these state employees to review, so Williams was not injured by any alleged failure to act. *See* WAC 458-20-100(1); RCW 34.12.020. His 42 U.S.C. § 1983 claim also fails because he was not deprived of any liberty or property interest. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

**AFFIRMED.**